IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE DOGWOOD INSTITUTE, TRUSTEE OF THE DOGWOOD TRUST, individually and on behalf of classes similarly situated, and ROBERT FULLER, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:06-CV-1454-K |
| A.G. EDWARDS, et al., | § § § | |
| Defendants. | § | |

## ORDER

Before the court are Defendant Van Kampen Investor Services Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint, Defendant James Woodrow Fuller's Motion to Dismiss Plaintiffs' First Amended Complaint, Defendant Melissa Fuller's Motion to Dismiss Plaintiffs' First Amended Complaint, Defendants A.G. Edwards & Sons, Inc.'s Eaton Vance Group of Funds' and Phoenix Investment Partners, Ltd.'s Motion to Dismiss Plaintiffs' First Amended Complaint, and Defendant Carla Ulrichherring's Motion to Dismiss Plaintiffs' First Amended Complaint (collectively, "Defendants' Motions to Dismiss"), all filed November 3, 2006. Also before the court is Plaintiffs' Motion to Substitute Parties, filed October 31, 2006. After careful consideration of the motions, responses, replies, the pleadings in this case, and the

1

applicable law, the court **grants** the motions to dismiss. Further, Plaintiffs' Motion to Substitute Parties is **denied as moot**.

I.  Defendants' Motions to Dismiss

Defendants now move to dismiss Plaintiffs' complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). However, the court notes that the threshold issue appears to be that of standing, which implicates the court's subject matter jurisdiction. Accordingly, the court will also review Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1). The court's review of the motions and analysis of the issues is as follows:

A.  Standards for Rule 12(b)(6) and 12(b)(1) Motions

Upon consideration of a motion to dismiss, the court must presume all well-pleaded facts in Plaintiffs' complaint to be true, and resolve any ambiguities or doubts regarding the sufficiency of Plaintiffs' claims in their favor. *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Campbell v. Wells Fargo Bank,* 781 F.2d 440, 442 (5th Cir. 1986). Further, the court may not dismiss the complaint under Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that Plaintiffs can prove no set of facts in support of their claims which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). However, Plaintiffs must plead specific facts, not mere conclusory allegations, to avoid dismissal for failure to state a claim. *Kane Enterprises,* 322 F.3d at 374; *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.

2000). Dismissal is proper when "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier,* 801 F.2d 789, 791-92 (5th Cir. 1986).

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(1) permits a party to challenge the subject matter jurisdiction of the district court to hear the case. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied,* 536 U.S. 960 (2002). A court may find a lack of subject matter jurisdiction based upon either 1) the complaint alone; 2) the complaint supplemented by undisputed facts in the record; or 3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir. 1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming,* 281 F.3d at 161. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id., citing Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980). In evaluating whether subject matter jurisdiction exists, the court takes all uncontroverted, well-pleaded factual allegations as true. *Scheuer v. Rhodes,* 416 U.S. 232 (1974); *McDaniel v. United States,* 899 F. Supp. 305, 307 (E.D. Tex. 1995). A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Assn. of Mississippi, Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998).

B.   **Standing**

Defendants' main attack on Plaintiffs' pleading relates to standing. Specifically, Defendants assert that Plaintiffs do not have standing to bring this action, and assert that for this reason it must be dismissed.

Lack of Article III standing is a defect in subject matter jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 559-61 (1992); *see also Cobb v. Central States Southwest and Southeast Areas Pension Fund,* 461 F.3d 632, 635 (5th Cir. 2006), *cert. denied,* 127 S.Ct. 1153 (2007) (standing is an issue of subject matter jurisdiction); *McNair v. United States Postal Svc.,* 768 F.2d 730, 737 (5th Cir. 1985) (lack of standing robs the court of jurisdiction to hear the case). Accordingly, the court must determine whether Plaintiffs have standing to sue before considering any of the other issues presented in the Motions to Dismiss.

To establish standing, Plaintiffs must establish that they have suffered an injury in fact, that the injury is fairly traceable to the defendants' actions, and that the injury will likely be redressed by a favorable decision. *Energy Management Corp. v. City of Shreveport,* 397 F.3d 297, 301 (5th Cir. 2005); *Public Citizen, Inc. v. Bomer,* 274 F.3d 212, 217 (5th Cir. 2001). "'An injury in fact [is] an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Energy Management,* 397 F.3d at 301, *quoting Lujan,* 504 U.S. at 560. Further, standing is determined as of the date the suit is filed. *Energy Management,* 397

F.3d at 301 n.3; *Carr v. Alta Verde Industries,* 931 F.3d 1055, 1061 (5th Cir. 1991).

According to Plaintiffs' Original Petition ("Petition") filed in state court, Plaintiff The Dogwood Institute (the "Institute") is the sole trustee of the Dogwood Trust (the "Trust"). At this stage of the proceedings, the court takes this allegation as true. *Kane Enterprises,* 322 F.3d at 374; *Campbell,* 781 F.2d at 442. Defendants argue in their Motions to Dismiss that Plaintiffs' claims arise solely out of the Trust's relationship with Defendants, and thus the Trust is the only entity that could have suffered any alleged injury. Defendants assert that the Institute lacks the legal capacity to serve as trustee of the Trust, and therefore does not have standing to sue on the Trust's behalf.

Under Texas law, if a trustee is a corporation, it must have the power to act as a trustee in this state. Tex. Prop. Code § 112.008(a). Defendants state that as a non-profit corporation, the Institute cannot serve as the trustee of the Trust, because it is a non-profit corporation, and under Texas law a non-profit corporation can only serve as a trustee if the beneficiary of the trust is another non-profit or charitable organization, citing Tex. Bus. Orgs. Code § 2.106(a). The court agrees with Defendants. As a non-profit corporation, the Institute may act as a trustee under the limited circumstances presented by Tex. Bus. Orgs. Code § 2.106(a). Those circumstances do not apply here, as the beneficiaries of the Trust are individuals and not non-profit organizations. Accordingly, the court finds that the Institute is not a proper trustee, and does not have standing to bring claims for the Trust.

5

Plaintiffs respond that they have standing because they are "interested persons" as defined by section 111.004(7) of the Texas Property Code, and that therefore they may bring this action under Tex. Prop. Code § 115.011, which provides that "any interested person may bring an action under Section 115.001 of this Act." Under Tex. Prop. Code § 111.004(7), an "interested person" means:

> a trustee, beneficiary, or any other person having an interest in or a claim against the trust or any person who is affected by the administration of the trust. This meaning, as it relates to particular persons, may vary from time to time and must be determined according to the particular purposes of and matter involved in any proceeding.

Further, Tex. Prop. Code § 115.001 enumerates the types of actions "concerning trusts" over which the Texas state district courts have original and exclusive jurisdiction. This list includes actions to construe a trust instrument, appoint or remove a trustee, ascertain beneficiaries, and other actions related to trust operation and administration. *Id.* Various Texas courts have held that the list of actions contained in section 115.001 is either exclusive, or that if it is not exclusive, it is indicative of the general nature of proceedings meant to be included within that section's jurisdictional realm. *See In re Gibbs,* ____S.W.3d___; 2006 WL 2830821, *3 (Tex. App. – Fort Worth 2006, no pet. h.); *Mobil Oil Corp. v. Shores,* 128 S.W.3d 718, 724 (Tex. App. – Fort Worth 2004, no pet. h.); *In re Stark,* 126 S.W.3d 635, 642 (Tex. App. – Beaumont 2004, mand. denied); *In re Nationsbank, N.A.,* 1999 WL 213100, **4 -5 (Tex. App. – Houston [1st Dist] 1999, no writ).

Moreover, these courts and others have further held that the list of actions found in Tex. Prop. Code § 115.001, even if not exclusive, does not include tort and contract claims or characterize the assertion of such claims as a proceeding "concerning trusts." *Gibbs,* ___S.W.3d___; 2006 WL 2830821 at *3; *Mobil Oil Corp.,* 128 S.W.3d at 724 n.23; *Stark,* 126 S.W.3d at 642; *Nationsbank,* 1999 WL 213100 at *5; *McCormick v. Hines,* 498 S.W.2d 58, 62 (Tex. App. – Amarillo 1973, writ dism'd); *Mayflower Trust Co. v. Nowell,* 413 S.W.2d 783, 786 (Tex. App. – Houston 1967, writ dism'd). Here, Plaintiffs bring claims against Defendants for civil conspiracy, conversion, breach of fiduciary duty, breach of contract, fraud, and negligence. (Petition at 12-14). Therefore, Plaintiffs' claims do not fall within the intended scope of Tex. Prop. Code § 115.001, and Plaintiffs thus cannot rely on Tex. Prop. Code § 115.011 to maintain standing to bring suit. The court finds that neither of the Plaintiffs has standing, and thus the court lacks subject matter jurisdiction over their claims.

**II.     Plaintiffs' Motion to Substitute Parties**

Because the court has determined that the Institute is not a proper trustee, and that Plaintiffs do not otherwise have standing to assert the claims brought here on behalf of the trust, it now turns to Plaintiffs' Motion to Substitute Parties. In this motion, Plaintiffs state that as of September 15, 2006, the Institute was removed as trustee, and John Looney ("Looney") was appointed as successor trustee of the Trust. Therefore, Plaintiffs contend that Looney should be substituted for the Institute as a Plaintiff in

this case, thus correcting any defect in standing that may currently exist.

Moreover, a substituted party steps into the same position as the original party. *Ransom v. Brennan,* 437 F.2d 513, 516 (5th Cir.), *cert. denied,* 403 U.S. 904 (1971); *Hilao v. Estate of Marcos,* 103 F.3d 762, 766 (9th Cir. 1996). As the court has recited above, standing is determined as of the date the suit is filed. *Energy Management,* 397 F.3d at 301 n.3; *Carr,* 931 F.3d at 1061. Because the Institute was not a proper trustee, and did not otherwise have standing to bring claims on behalf of the Trust as of the time this suit was filed in July 2006, this lack of standing remains following Looney's substitution as trustee, because he steps into the same position as the Institute. Accordingly, substitution of Looney as a Plaintiff in order to establish standing would be futile here, since the Institute does not have standing.

### III.   Conclusion

For the foregoing reasons, the court finds that it does not have subject matter jurisdiction over this case. Therefore, Defendants' Motions to Dismiss are **granted,** and Plaintiffs' claims are **dismissed without prejudice.** Plaintiffs' Motion to Substitute Parties is **denied.**

**SO ORDERED.**

Signed May 1st, 2007.

*Ed Kinkeade*
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE